# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EDWARD CALE, ) | |
| ) | Case No. 17-935-RAJ |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| THE UNITED STATES POSTAL ) | |
| SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. # 6. Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show she has an insufficient grasp of her case or the legal issue involved and an

inadequate ability to articulate the factual basis of her claim. *Agyeman,* 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). Plaintiff must show *exceptional* circumstances.

The Court finds that no exceptional circumstances warrant the appointment of counsel in this matter. Plaintiff claims that Defendants are engaged in a "pervasive pattern of bullying, harassment, deception, and discrimination based on race (ethnicity), religion, gender, and etc." Dkt. #5. Plaintiff also claims that he was unfairly disciplined for being a whistleblower and that Defendant Kiran Chawla "used pervasive bullying and deception, stood in poison and told me to stand in the poison." Dkt. #5. Plaintiff does not cite to any federal law or statute under which he brings his complaint and fails to allege any facts to support his claim that he is being harassed because of his race, religion, or gender. Plaintiff also fails to allege any facts to support his claim that he suffered retaliation for whistleblowing. The Court finds that Plaintiff is unlikely to succeed on the merits of her claims and therefore does not find appointing counsel appropriate in this matter.

Accordingly, Plaintiff's Motion is **DENIED**. Dkt. #6.

Dated this 11th day of September, 2017.

The Honorable Richard A. Jones
United States District Judge